**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:25-cr-104 |
| | ) | Judge J. Philip Calabrese |
| Plaintiff, | ) | |
| | ) | Magistrate Judge |
| v. | ) | Jonathan D. Greenberg |
| | ) | |
| CORY J. CHEETHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

On May 15, 2025, the Court held a hearing to determine the competency of Defendant Cory J. Cheetham. The United States presented the expert report of Dr. Kaitlyn Nelson, who also testified remotely. Additionally, the Court asked Mr. Cheetham certain questions. For the following reasons, the Court determines that Mr. Cheetham is not competent at this time to assist in his own defense.

**FACTUAL AND PROCEDURAL HISTORY**

On August 4, 2025, Mr. Cheetham's counsel filed a motion requesting an evaluation of Mr. Cheetham's mental health and competency to stand trial. (ECF No. 19.) Therefore, the Court referred the case to the Magistrate Judge for these purposes. (Order, Aug. 5, 2025.) The Magistrate Judge held an in-person status conference on the motion, and the United States informed the Court that it had no objections to a competency evaluation for Mr. Cheetham. (Minutes, Aug. 13, 2025.) That same day, Mr. Cheetham was referred to the Bureau of Prisons under 18 U.S.C. § 4241 for a psychiatric evaluation and report regarding his mental competency.

(ECF No. 20.) The forensic evaluation concerning Mr. Cheetham's competency was completed on November 3, 2025 and provided to the Court. (ECF No. 24.)

Following the forensic evaluation, the Court held multiple competency hearings. (Minutes, Dec. 15, 2025; Minutes; Feb. 19, 2026.) At the hearing on February 19, 2026, counsel for Mr. Cheetham informed the Court that he and Mr. Cheetham had irreconcilable differences and requested to be removed from the case. (Minutes; Feb. 19, 2026.) Mr. Cheetham asked the Court to appoint him new counsel, which it did. (*Id.*)

After appointing Mr. Cheetham new counsel, the Court held a status conference to discuss competency proceedings. (Minutes, Apr. 8, 2026.) At the conference, Mr. Cheetham advised the Court that he wanted additional time to consider having a second evaluation conducted by one of his former physicians. (*Id.*) At another status conference the following week, counsel informed the Court that he was unable to contact Mr. Cheetham's previous physician. (Minutes, Apr. 16, 2026.) Therefore, the Court set a competency hearing for May 15, 2026. (*Id.*) However, the Court indicated that if defense counsel was able to find a psychiatrist to conduct an independent evaluation that it would consider an application for funds under the Criminal Justice Act and continue the hearing until the second evaluation was completed. (*Id.*)

On May 15, 2026, the Court held the competency hearing as scheduled pursuant to 18 U.S.C. §§ 4241 and 4247. (ECF No. 27.) Defense counsel informed the Court that he reached out to three additional psychiatrists but was unable secure

a second opinion. Therefore, Mr. Cheetham requested that the Court continue with the hearing to contest Dr. Nelson's opinions.

## GOVERNING LEGAL STANDARD

To be found competent, a defendant must possess (1) a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) a "rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also United States v. Dubrule*, 822 F.3d 866, 875 (6th Cir. 2016) (using the *Dusky* standard to determine a defendant's competency). Therefore, a defendant who "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

However, just because a defendant is mentally ill does not mean that he is not competent to stand trial. *Id.* (quoting *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996)). Nor is a defendant deemed incompetent because he is unable to get along with counsel or disapproves of his counsel's performance. *Id.* (quoting *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008)). In other words, the "bar for incompetency is high." *Miller*, 531 F.3d at 350.

In evaluating competency, there are "no fixed or immutable signs of incompetence." *Cowans v. Bagley*, 639 F.3d 241, 247 (6th Cir. 2011) (quoting *Drope*, 420 U.S. at 180). Courts, however, can consider a number of factors in determining whether a defendant is competent to stand trial, including a defendant's behavior and

3

medical opinions. *See Miller*, 531 F.3d at 349 (citing *Davis*, 95 F.3d at 1290).  In other words, "any evidence that is probative of a defendant's ability to understand the proceedings against him and to assist in his defense is relevant to the Court's competency determination." *United States v. Stafford*, No. 1:12-cr-238, 2013 WL 1694033, at *2 (N.D. Ohio 2013).

## ANALYSIS

At the competency hearing, the United States presented the report of Dr. Kaitlyn Nelson.  (ECF No. 27.)  Dr. Nelson prepared her eighteen-page report following five separate individual interviews of Mr. Cheetham and an in-depth review of his mental health records and all documents and materials of his past and current legal proceedings.  (ECF No. 24.)  The report was well-reasoned and thorough in concluding that Mr. Cheetham's mental health issues impair his ability effectively to assist in his own defense.  (*Id.*, PageID #87.)  However, Dr. Nelson also concluded that, if Mr. Cheetham were to establish full medication compliance and engage in a competency restoration program, then it was her opinion that Mr. Cheetham could be restored to competency within a reasonable period.  (*Id.*)

During the hearing, Dr. Nelson testified to the contents of her report and was questioned by the United States, defense counsel, and the Court.  Mr. Cheetham was provided the opportunity to have his counsel ask additional questions but declined.  Following Dr. Nelson's testimony, and after advising Mr. Cheetham of his Fifth Amendment rights, the Court asked Mr. Cheetham questions to assist in its determination of his competency.

Based on the record as a whole, the Court finds by a preponderance of the evidence that Mr. Cheetham is not competent to stand trial. The Court makes this determination based off its own observations of Mr. Cheetham throughout the various proceedings, the testimony and report of Dr. Nelson, and the other evidence adduced during the competency hearing. Mr. Cheetham has neither a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" nor a "rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402. Therefore, at this time he is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant Cory J. Cheetham is not competent and is unable effectively to assist in his defense.

**SO ORDERED.**

Dated: May 29, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5